Obiageli Onwuakpa, Individually and as Mother and Natural Guardian of Ikemdinachi Onwuakpa and Chukwuebuka Onwuakpa, Infants, Chinwendu Onwuakpa and Tochukwu Onwuakpa, Appellants,
against
United Airlines, Inc., Respondent. 




Nnebe & Associates, P.C. (O. Valentine Nnebe of counsel), for appellants.
Winne, Banta, Basralian & Kahn, P.C. (Michael J. Cohen of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Joy F. Campanelli, J.), entered April 17, 2018. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is reversed, without costs, and defendant's motion for summary judgment dismissing the complaint is denied.
In 2016, plaintiffs purchased tickets from defendant airline to fly round-trip from Lagos, Nigeria, to Houston, Texas, with a number of additional flights within the United States. Their trips were scheduled to commence in July 2016. Approximately two weeks before the first of plaintiffs' flights, defendant informed plaintiffs that, effective June 30, 2016, it was cancelling its service between Nigeria and the United States. Defendant refunded the price plaintiffs had paid defendant for their tickets. In this action, plaintiffs, who rebooked their itinerary through a different airline, seek to recover the principal sum of $4,205.04, which, they claim, is the difference between the sum that defendant refunded and the expenses they incurred as a result of the need to rebook their trip.
Following its service of an answer, defendant moved for, in effect, summary judgment dismissing the complaint on the ground that plaintiffs had been paid in full, as defendant had [*2]refunded the full cost of plaintiffs' tickets, or, in the alternative, on the ground that plaintiffs' claim was preempted by federal law, pursuant to the Airline Deregulation Act of 1978 (ADA) (49 USC § 41713). Defendant further contended that it had fully performed under its contract of carriage, which, under the ADA, was incorporated into the terms of plaintiffs' airline tickets, and which limited plaintiffs' remedy to a refund of their ticket purchase price. Defendant submitted a copy of its contract of carriage, revised April 22, 2016, in support of its motion.
In opposition to the branch of defendant's motion seeking summary judgment on the ground of payment, plaintiffs argued that, since they seek to recover the sums they were compelled to expend in excess of the refunds they received from defendant, defendant's refund of the cost of their tickets did not constitute a valid basis for the dismissal of the complaint. In opposition to the branch of defendant's motion seeking summary judgment on the ground of preemption, plaintiffs asserted that the ADA does not bar actions for breach of contract or for damages based on the cancellation of flights which have already been ticketed. In addition, plaintiffs argued that, by reason of defendant's failure to demonstrate in its moving papers that plaintiffs had been notified of the existence or terms of defendant's contract of carriage prior to their purchase of the airline tickets from defendant, defendant had failed to establish that plaintiffs were bound by the terms of the contract of carriage or to demonstrate, prima facie, defendant's entitlement to summary judgment. Plaintiffs remarked that the contract of carriage that defendant had annexed to its moving papers postdated plaintiffs' ticket purchase, and annexed to their opposition papers a printout of an email from their travel agent, confirming the booking on April 15, 2016 of their United Airlines tickets for round-trip travel to the United States that was to commence in July 2016. Plaintiffs also submitted a printout of defendant's email announcement that its flight operations from Nigeria would cease as of June 30, 2016, which plaintiffs' travel agent had forwarded to plaintiff Obiageli Onwuakpa on June 15, 2016. 
In an order entered April 17, 2018, the Civil Court granted defendant's motion, finding that, since, under the ADA, there may be no enlargement or enhancement of the bargain between an airline and passengers based on laws or policies external to the parties' agreement, plaintiffs were not entitled to a recovery.
While the ADA's preemption clause (see 49 USC § 41713 [b] [1]) and its saving clause (see 49 USC § 40120 [c]), read together, have been interpreted as limiting litigants in breach of contract actions involving air travel "to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement" (American Airlines, Inc. v Wolens, 513 US 219, 233 [1995]; see also Lentini v Delta Air Lines, Inc., 159 AD3d 802, 803 [2018]), the ADA does not prohibit "state-law-based court adjudication of routine breach-of-contract claims" (American Airlines, Inc. v Wolens, 513 US at 232; see also Cox v Spirit Airlines, Inc., 786 Fed Appx 283, 285 [2d Cir 2019]). Thus, the ADA did not deprive the Civil Court of the power to determine this action for breach of contract. 
While air carriers may promulgate contracts of carriage and incorporate their terms by reference into airline tickets (see 14 CFR 253.5), "an air carrier may not claim the benefit as against the passenger of, and the passenger shall not be bound by, any contract term incorporated by reference if notice of the term has not been provided to that passenger" (24 CFR 253.4 [a]) in accordance with the requirements of the Code of Federal Regulations (see id.; see also Cox v Spirit Airlines, Inc., 786 Fed Appx at 285 [the defendant airline failed to establish its entitlement [*3]to dismissal based on its contract of carriage where the record failed to demonstrate that it had notified the passenger of the terms of the contract of carriage as required by the Code of Federal Regulations]). Here, as defendant failed to establish that plaintiffs had been notified at the time plaintiffs had purchased their tickets of the existence of the contract of carriage which supports the dismissal of the action, defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law. We reach no other issue.
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is denied.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 6, 2020